[Crim. No. 13371.   In Bank.   Oct. 3, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. FREDDY
GROVES, Defendant and Appellant.

Frederick C. Michaud, under appointment by the Supreme Court, and Bruce P. Griswold for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Joyce F. Nedde, Deputy Attorneys General, for Plaintiff and Respondent.

TRAYNOR, C. J.—Defendant appeals from a judgment entered on a jury verdict finding him guilty of the second de-

gree burglary of a telephone booth (Pen. Code, § 459). He contends that his arrest and the search incident thereto were unlawful and that the trial court therefore erred in admitting into evidence certain items seized during the search.

Late in the afternoon of December 9, 1966, Mrs. Koonce and Mrs. Peters, employees at the University of California Hospital in San Francisco, heard an alarm indicating that someone was tampering with a coin receptacle in a telephone booth opposite their office. They saw a man sitting inside the booth and another man standing outside it with an overcoat over his arm. Mrs. Koonce asked the men if they had taken money from the telephone, and one of them said "No." As the men turned and walked quickly away, Mrs. Koonce heard a sound like jingling money coming from the overcoat. After the men left the building, she saw them running down the street. The coin receptacle was missing from the booth.

On separate occasions a San Francisco investigator for the telephone company showed three photographs to Mrs. Koonce and Mrs. Peters. Neither was present when the investigator showed the photographs to the other. A special agent of the telephone company in Los Angeles had furnished the photographs to the San Francisco investigator. Both Mrs. Koonce and Mrs. Peters identified the photograph of defendant as that of the man they saw in the telephone booth. That same day, they again identified defendant from a photograph at the San Francisco Police Department's headquarters. A police lieutenant who witnessed this identification signed a complaint charging defendant on information and belief with burglary of the telephone booth. A warrant for defendant's arrest was issued on the complaint. No evidence was presented to the issuing magistrate other than the signed complaint, and it did not set forth any of the underlying facts upon which the complaining officer's belief was based.

The San Francisco Police Department teletyped the Los Angeles Police Department that the arrest warrant had issued. The teletype gave defendant's name and his physical description; it also described an accomplice and stated that the San Francisco police wanted defendant and an accomplice for the crime of telephone burglary and that the Los Angeles police should be on the lookout for lock-picks. A Los Angeles police officer who had defendant under surveillance and knew his Los Angeles address arrested defendant at an apartment where he was living in Los Angeles soon after the teletype came to the officer's attention. A 20-minute search of the apartment incident to the arrest uncovered coin wrappers, a

key to the upper housing of a pay telephone, a $100 bill, an airline baggage tag, and a San Francisco garage ticket. All of these items were admitted into evidence at defendant's trial.

Defendant contends that the warrant for his arrest was constitutionally invalid under *People* v. *Sesslin* (1968) 68 Cal.2d 418 [67 Cal.Rptr. 409, 439 P.2d 321], which was decided after his trial. He urges that the arrest and search incident thereto were therefore unlawful and that the trial court erred in admitting into evidence the items found during the search. Although defendant objected to the admission of this evidence on the ground that the search was unlawful for other reasons, at no time during the trial did he challenge the validity of the arrest warrant. Accordingly, he may not challenge the validity of that warrant for the first time on appeal unless our decision in the *Sesslin* case "represented such a substantial change in the former rule as to excuse an objection anticipating that decision." (*People* v. *DeSantiago* (1969) *ante,* pp. 18, 22 [76 Cal.Rptr. 809, 453 P.2d 353], and cases there cited.) The *Sesslin* decision did not represent such a change.

In that case we held that "an arrest warrant issued solely upon the complainant's 'information and belief' cannot stand if the complaint or an accompanying affidavit does not allege underlying facts upon which the magistrate can independently find probable cause to arrest the accused." (*People* v. *Sesslin, supra,* 68 Cal.2d 418, 421.) That holding, however, was compelled by the Fourth and Fourteenth Amendments of the United States Constitution as interpreted by five decisions of the United States Supreme Court (*Giordenello* v. *United States* (1958) 357 U.S. 480 [2 L.Ed.2d 1503, 78 S.Ct. 1245]; *Ker* v. *California* (1963) 374 U.S. 23 [10 L.Ed.2d 726, 83 S.Ct. 1623]; *Aguilar* v. *Texas* (1964) 378 U.S. 108 [12 L.Ed.2d 723, 84 S.Ct. 1509]; *Barnes* v. *Texas* (1965) 380 U.S. 253 [13 L.Ed.2d 818, 85 S.Ct. 942]; *Jaben* v. *United States* (1965) 381 U.S. 214 [14 L.Ed.2d 345, 85 S.Ct. 1365]). The last two of these cases were decided in 1965, over a year before defendant's arrest and trial. Accordingly, the *Sesslin* decision did not change the law. It was merely the first case in which this court was called upon to apply the foregoing decisions of the United States Supreme Court.[1]

We note, however, that trial counsel's failure to object to

---

[1]Since the *Sesslin* decision did not change the law, there is no merit in the Attorney General's contention that it should not apply to arrests

the validity of the arrest warrant does not suggest any incompetency on his part. Although the issue of probable cause to make an arrest without a warrant was not litigated in the trial court, evidence in the record indicates that had the prosecution been called upon to do so, it might easily have justified an arrest without a warrant. (See *People* v. *Chimel* (1968) 68 Cal.2d 436, 441-442 [67 Cal.Rptr. 421, 439 P.2d 333], revd. on other grounds, *Chimel* v. *California* (1969) 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034].) Accordingly, trial counsel might reasonably have concluded that any challenge to the validity of the arrest would have been futile.

█ Defendant contends that even if the arrest was lawful, the search incident thereto was unreasonable on the ground that the arrest was used as a pretext to search for evidence. (See *United States* v. *Lefkowitz* (1932) 285 U.S. 452, 467 [76 L.Ed. 877, 883, 52 S.Ct. 420, 82 A.L.R. 775]; *People* v. *Haven* (1963) 59 Cal.2d 713 [31 Cal.Rptr. 47, 381 P.2d 927].) He relies on the fact that the officers could have arrested him when he drove into the garage at his apartment building but waited until he reached his apartment. The arresting officer testified, however, that the arrest was delayed, not because he wished to arrest defendant inside his apartment, but because he hoped that defendant would lead them to his accomplice. The evidence supports the trial court's implied finding that the arrest was not used as a pretext to search for evidence.

█ Defendant also contends that the search was more extensive than is permissible as incident to an arrest under *Chimel* v. *California, supra,* 89 S.Ct. 2034. The *Chimel* case, however, does not apply to searches conducted before that case was decided. (*People* v. *Edwards* (1969) *ante,* p. ―― [80 Cal.Rptr. 633, 458 P.2d 713].)

The judgment is affirmed.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

Appellant's petition for a rehearing was denied October 29, 1969.

made before the *Sesslin* case was decided. Moreover, the arrest in this case occurred after the foregoing decisions of the United States Supreme Court, and it is therefore unnecessary to determine whether any of those decisions should be given prospective effect only. We note also that *People* v. *Gardner* (1968) 266 Cal.App.2d 19, 23 [71 Cal.Rptr. 568], is not in point. The arrest in that case was without a warrant, and the reference therein to *Sesslin* was only to Sesslin's application of the doctrine of the fruit of the poisonous tree.