[Crim. No. 15660. Second Dist., Div. Four. Jan. 14, 1970.]

THE PEOPLE, Plaintiff and Appellant, v.
RONALD EDWARD KNIGHT, Defendant and Respondent.

## COUNSEL

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Damon R. Swank, John Edwin Scott and James L. McCormick, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—This appeal is taken by the People (under Pen. Code, § 1238, subd. 7) from an order dismissing a burglary prosecution against defendant following the granting of defendant's motion (under Pen. Code, § 1538.5) to suppress evidence obtained as the result of an illegal search and seizure. No dispute exists as to the facts.

The car in which defendant was riding with another young man was stopped by Officer Miller a few minutes after the officer received a report that its occupants had been walking between cars in a parking lot and acting in a manner which aroused a suspicion they were car burglars. The report did not, however, provide probable cause for arrest. Officer Miller detained defendant and his companion for about 15 minutes while he talked to them about the report. While he was talking to them, the officer ran a routine radio check on them. From the radio check he learned that there was an outstanding felony warrant for defendant's arrest. In reliance upon the warrant the officer arrested defendant. A search of defendant incident to the arrest disclosed the evidence suppressed as the result of defendant's motion under section 1538.5.

It was stipulated for the purpose of the proceedings before the court

below, that the police officer (Patchett) who initially investigated the facts which led to the issuance of the felony complaint against defendant which supported the warrant, had probable cause to arrest defendant; that he presented the facts constituting probable cause to a deputy district attorney. The deputy prepared a complaint, based on "information and belief" and did not set forth therein the facts constituting the officer's probable cause. Although the investigating officer had given to the deputy all of the necessary facts, the complaint actually was executed (for reasons not apparent on this record) by another officer (Hatcher) and it is not contended that Hatcher had any personal knowledge of the facts known to Patchett or even that he had any knowledge except such as may have come to him from the deputy who prepared the complaint. The warrant was based entirely on the complaint thus drafted and executed; the arrest occurred several months after the issuance of the warrant; the arresting officer did not, himself, have probable cause to arrest the defendant and he acted solely on the basis of the outstanding warrant.

Defendant argues as follows: a complaint based on "information and belief" and which does not allege any underlying facts from which the magistrate may independently conclude that there is probable cause to believe that defendant committed the alleged offense, is insufficient and will not support an arrest warrant, or an arrest based on such a warrant. (*People* v. *Sesslin* (1968) 68 Cal.2d 418 [67 Cal.Rptr. 409, 439 P.2d 321].) An arrest may be justified, despite an invalid warrant, where the arresting officer had probable cause sufficient to support a warrantless arrest. (*People* v. *Chimel* (1968) 68 Cal.2d 436, 440-442 [67 Cal.Rptr. 421, 439 P.2d 333], revd. on other grounds in *Chimel* v. *California* (1969) 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034].) The People have conceded that the warrant was invalid under *Sesslin, supra,* and that the arresting officer lacked probable cause to arrest defendant.

The People contend that the arrest should nevertheless be held valid because the officer who initiated the investigation which led to the issuance of the warrant had the required probable cause; that all that should be required to support the arrest, is a finding that someone in the police department had probable cause which "can be deemed within the line of communication leading up to the arrest." In this connection, it is asserted that the fact the arresting officer in *People* v. *Chimel, supra,* happened to be the officer who investigated the case and therefore himself had probable cause to arrest the defendant, was not the critical factor in the court's finding that the arrest was legal despite the invalid warrant.

We point out that, clearly, *Chimel* does not compel a holding that the arrest in the case at bench was valid. The reasoning of *Chimel* (and of the cases on which that opinion relies) is that to invalidate an arrest which

would otherwise be legal—*i.e.,* because the arresting officer had probable cause to arrest—simply because of a defect in an arrest warrant secured by the officer, would be bad policy since it would discourage the use of warrants. The officer having probable cause would simply proceed to make the arrest and not take the chance of securing a warrant. (See *People* v. *Chimel, supra,* at pp. 440-441.) The court in *Chimel* found the arrest to be legal because the officer who made it had probable cause. Here the arresting officer lacked probable cause, and the policy considerations urged in *Chimel* are not present.

 The People cite the line of cases which stand for the proposition that an officer may validly arrest on the basis of requests made through official communication channels such as the police radio. Pointed to is the fact that all the prosecution need show is that the officer who made the request had the required probable cause to do so. (See *People* v. *Lara* (1967) 67 Cal.2d 365, 374 [62 Cal.Rptr. 586, 432 P.2d 202].) It is argued that, since official communication channels are valid conduits of probable cause, where, as here, the officer initiating the request for an arrest warrant has probable cause for arrest, and there is thereafter a communication through official channels to arrest on the warrant, the fact the warrant may be invalid for one reason or another should not affect the legality of the arrest.

We conclude that that argument must prevail. In *People* v. *Groves* (1969) 71 Cal.2d 1196 [80 Cal.Rptr. 745, 458 P.2d 985], a police officer in San Francisco had investigated a series of thefts from coin telephones and, as a result of that investigation, had probable cause, based on interviews with credible witnesses, to believe Groves guilty of those thefts. He executed a complaint which, like the complaint herein involved, was based solely on "information and belief" and which did not set forth the underlying data possessed by the officer. A warrant was issued, as here, solely on the basis of that defective complaint. Telegraphic notice of the issuance of that warrant was sent to police in Los Angeles and a Los Angeles officer, acting solely on the basis of the telegraphic warrant, and who had no personal knowledge of any of the underlying facts, arrested Groves. The arrest produced incriminating evidence. In rejecting a contention that Groves' trial counsel was inadequate in not raising the invalidity of the warrant, the Supreme Court said (at p. 1199): "Although the issue of probable cause to make an arrest without a warrant was not litigated in the trial court, evidence in the record indicates that had the prosecution been called upon to do so, it might easily have justified an arrest without a warrant. (See *People* v. *Chimel* (1968) 68 Cal.2d 436, 441-442 [67

Cal.Rptr. 421, 439 P.2d 333], revd. on other grounds, *Chimel* v. *California* (1969) 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034].)"

We are bound by the language in *Groves*. The fact that the line of official communication was one link longer in the case at bench than in *Groves* cannot be important. If an insufficient complaint, based on data officially given by a police officer who could, but did not, see that his data was properly incorporated in the complaint, was sufficient to justify an arrest in *Groves*, it was equally sufficient here. Under the compulsion of *Groves*, we reverse the order of dismissal.

The order of dismissal is reversed with directions to the superior court to vacate its order suppressing the evidence.

Files, P. J., concurred.

**JEFFERSON, J.,** Dissenting.—*People* v. *Groves*, 71 Cal.2d 1196 [80 Cal. Rptr. 745, 458 P.2d 985], upon which the majority opinion places its reliance, is distinguishable on its facts. In *Groves* the communications-through-official-channels doctrine was applicable. It is not applicable here.

Modern modes of travel and communication make necessary a policy of permitting an officer having probable cause for arrest to send out an order or request for arrest to officers in the field in the all-points-bulletin-implied-emergency type situation. In the same type situation, a communication to arrest on a warrant is also justified. The need for quick action is the basis for permitting such conduits of probable cause.

In *Groves*, although the record does not state how soon after the investigation, issuance of the warrant and the teletyping of the message by the San Francisco police requesting that the Los Angeles police find and arrest defendant on the warrant, he was actually arrested; but it clearly appears to have been a matter of only a day or two. It goes without saying that the situation in *Groves* bears no resemblance to the facts in the present case where the arrest occurred several months after the investigation and issuance of the warrant.

The test used to establish the legality of an arrest where the arrest warrant turns out to be invalid is as stated in *People* v. *Chimel*, 68 Cal.2d 436 [67 Cal.Rptr. 421, 439 P.2d 333] reversed on other grounds in *Chimel* v. *California*, 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034] at p. 442: If the arresting officer "had been proceeding without a warrant in arresting defendant [would] the arrest have been lawful?" The answer here must be "no" since the arresting officer lacked probable cause himself and the

communications-through-official-channels doctrine could not be properly applied under the facts to an arrest made months after the investigation was made and the warrant issued.

I would affirm the order of dismissal entered by the trial court.

Respondent's petition for a hearing by the Supreme Court was denied March 11, 1970. Peters, J., was of the opinion that the petition should be granted.