Henry Allen **REDDING**, Movant-Appellant,

v.

**STATE** of Missouri, Respondent.

No. 54015.

Supreme Court of Missouri,
Division No. 2.

April 13, 1970.

Thomas M. Singer, St. Louis, for movant.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

On August 14, 1961, appellant was convicted of the offense of first degree robbery and was sentenced to twenty years imprisonment in the Department of Corrections. He now appeals from the judgment overruling his motion to set aside his judgment and sentence under Supreme Court Rule 27.26, V.A.M.R. As the basis for relief here asserted, appellant contends that his constitutional rights against unreasonable search and seizure were violated under Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.

The argument appellant makes is that "warrantless searches must be strictly confined to the person of the defendant or the immediate area, which (under the Chimel case) is necessary for the safety of the arresting police officer and to prevent destruction or concealment of evidence by the defendant." Appellant testified on this hearing that the officers "shouldered" their way into the back door of his apartment, which was secured by a chain lock. They forced appellant to sit at the kitchen table and remain quiet. They did not tell appellant he was under arrest until sometime later, or show him a search warrant. The officers then started going through the house. They jerked the mattress off the bed in the bedroom and threw it on the floor; dumped dresser drawers, and one officer went into a closet off the kitchen and started searching clothes on the rack and a chest of drawers therein.

As stated in the original opinion on direct appeal (State v. Redding, Mo., 357 S.W.2d 103, 107), it was in the large, open closet opening off the kitchen where the officers found four books of money orders in the chest of drawers; two loaded guns in appellant's overcoat, and forty ten-dollar bills in a woman's coat; and ammunition for the automatic pistol in the kitchen cabinet.

Concededly, as noted in the original opinion, the officers did not have a search warrant, but it was held that appellant's arrest (of which he was immediately informed on the officers being admitted into appellant's home by him) was lawful under the facts (357 S.W.2d 107 [2–4]).

Assuming here that the search of appellant's apartment exceeded the permissible limits of the Chimel case, yet that case cannot control. The search here occurred on December 13, 1960. The Chimel case was decided June 23, 1969. It has not been held by the Supreme Court of the United States to be retroactive in its effect. Recent federal cases in discussing the retroactivity of the Chimel case have ruled that it is prospective only in application. See United States v. Bennett (C.A.2d), 415 F.2d 1113, 1114 (cert. den., see 396 U.S. 852, 90 S.Ct. 113, 117, 24 L.Ed.2d 101); Williams v. United States (C.A.9th), 418 F.2d 159, 162; and Lyon v. United States (C.A.5th), 416 F.2d 91, 93. See also People v. Edwards, Cal., 80 Cal.Rptr. 633, 458 P.2d 713, and People v. Groves, Cal., 80 Cal.Rptr. 745, 458 P.2d 985, 987 [4]. The legality of the search of appellant's apartment is thus to be measured by the law existing prior to the Chimel case, as fully discussed in the original opinion (357 S.W.2d 107 [5, 6]), and ruled against appellant. Thus the finding of the trial court as to the search and seizure issue is not clearly erroneous. Supreme Court Rule 27.26(j), V.A.M.R.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.