Filed 4/24/15  P. v. Allen CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066046 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS269740) |
| DOUGLAS DANIEL ALLEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Michael D. Wellington, Judge.  Affirmed.

Morris Law and Aimee R. Morris for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Douglas Daniel Allen appeals from a post-judgment order denying his petition to seal and destroy his arrest record. He contends the court erred in determining there was probable cause to believe he committed the offense for which he was arrested. We disagree and affirm the judgment.

## BACKGROUND

In 2009, Allen was convicted of a misdemeanor charge of willfully discharging a firearm in a negligent manner. (Pen. Code, § 246.3, subd. (a).)[1] The conviction prohibited Allen from owning or purchasing a firearm for a period of 10 years.

On September 12, 2012, Allen completed paperwork for the purchase of a firearm from a gun store. Allen signed the "Dealer's Record of Sale of Firearm" (DROS) form under penalty of perjury, certifying he had not been convicted of any misdemeanor offense specified in section 12021, subdivision (c)(1), in the last 10 years. In addition, Allen certified he had "read the list of prohibited offenses, and nothing would preclude me from possessing a firearm."

On September 17, 2012, during the firearm purchase waiting period, the California Department of Justice (DOJ) sent a letter to the gun store indicating Allen was not eligible to own or possess firearms and the store must not release the firearm to Allen. The DOJ also notified the Chula Vista Police Department.

---

1    Further statutory references are also to the Penal Code unless otherwise stated.

Thereafter, a police detective went to the gun store and obtained Allen's original paperwork. The DROS form had Allen's original signature, as well as his thumbprint. The detective then obtained an arrest warrant for Allen for violating section 28250, subdivision (b)(2), by being a person prohibited from obtaining a firearm who knowingly furnished incorrect information while registering for a firearm.[2] The People subsequently filed a felony complaint against Allen for the same offense.

At the preliminary hearing, the People proceeded on the theory Allen committed the charged offense by falsely certifying he had never been convicted of a misdemeanor offense specified in section 12021, subdivision (c)(1). The People did not pursue whether Allen committed the charged offense by falsely certifying he had read the list of prohibited offenses and nothing precluded him from possessing a firearm. Because section 12021, subdivision (c)(1), did not exist when Allen completed the firearm purchase paperwork on September 12, 2012, the court found there was no probable cause to bind Allen over for trial and dismissed the case.[3]

---

[2] At points in his opening and reply briefs, Allen appears to be challenging the validity of the arrest warrant. However, he may not raise this challenge on appeal because he did not raise it below. (*People v. Groves* (1969) 71 Cal.2d 1196, 1198.)

[3] The Legislature repealed section 12021 effective January 1, 2012. It reenacted section 12021, subdivision (c)(1), without substantive change in new section 29805. Section 29805 provides in part: "Except as provided in Section 29855 or subdivision (a) of Section 29800, any person who has been convicted of a misdemeanor violation of Section . . . 246.3 . . . and who, within 10 years of the conviction, owns, purchases, receives, or has in possession or under custody or control, any firearm is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine."

Subsequently, Allen petitioned to seal and destroy his arrest record pursuant to section 851.8.  At the hearing on the petition, the court focused on Allen's certification he had "read the list of prohibited offenses and nothing would preclude me from possessing a firearm."  The court reasoned Allen either:  (1) had read the list of prohibited offenses and misrepresented that he did not have any such prior convictions; or (2) had failed to read the list of prohibited offenses and misrepresented that he had read it and did not have any such prior convictions.  Accordingly, the court determined there was probable cause for Allen's arrest and denied his petition.

## DISCUSSION

Section 851.8 provides the guidelines for sealing and destroying the arrest records of a person who is factually innocent.  A defendant who is arrested and indicted, but not convicted, "may, at any time after dismissal of the action, petition the court that dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made."  (§ 851.8, subd. (c).)  The defendant bears the initial burden of proving "that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made."  (*Id.* at subd. (b).)  "The arrestee thus must establish that facts exist which would lead no person of ordinary care and prudence to believe or conscientiously entertain any honest and strong suspicion that the person arrested is guilty of the crimes charged.  [Citation.]  [¶] Establishing factual innocence . . . entails establishing as a prima facie matter not necessarily just that the arrestee had a viable substantive defense to the crime charged, but more fundamentally that there was no reasonable cause to arrest him in the first place."  (*People v. Matthews*

4

(1992) 7 Cal.App.4th 1052, 1056.) If the defendant makes the requisite showing, the burden shifts to the People to prove "reasonable cause exists to believe that the petitioner committed the offense . . . ." (§ 851.8, subd. (b).)

"A finding of factual innocence . . . shall not be made unless the court finds that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made." (§ 851.8, subd. (b).) "In other words, the trial court cannot grant relief if *any* reasonable cause warrants such a belief." (*People v. Adair* (2003) 29 Cal.4th 895, 904 (*Adair*).) "In sum, the record must exonerate, not merely raise a substantial question as to guilt." (*Id*. at p. 909.)

"[T]he fact the trial court found there was insufficient evidence to bind over appellant for trial based on its interpretation of the evidence (or lack thereof) does not, standing alone, sustain defendant's burden of proof to show factual innocence." (*People v. Bleich* (2009) 178 Cal.App.4th 292, 301.) "Thus, a defendant may be unable to carry his burden of showing there was no reasonable cause to arrest him, even though the magistrate found that the prosecution failed to carry its burden of showing probable cause to bind the case over." (*People v. Esmaili* (2013) 213 Cal.App.4th 1449, 1460 (*Esmaili*).)

"In an appeal from a trial court's order on a petition for a determination of factual innocence under section 851.8, we defer to the trial court's factual findings to the extent they are supported by substantial evidence, but independently review the record to determine whether the defendant sustained his burden of showing that no reasonable cause exists to believe he or she committed the charged offense." (*Esmaili*, *supra*, 213 Cal.App.4th at pp. 1457-1458.)

5

Section 28250, subdivision (b), states in part: "[A]ny person who is prohibited from obtaining a firearm . . . who does any of the following shall be punished by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170 for a term of 8, 12, or 18 months: [¶] . . . [¶] (2) Knowingly furnishes any incorrect information for the register under Section 28210 or the electronic or telephonic transfer under Section 28215. "

Allen has not met his burden of proving he was factually innocent, i.e., that "no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made." (§ 851.8, subd. (b).) Allen contends he did not knowingly furnish incorrect information because section 12021, subdivision (c)(1), did not exist when he signed and certified the DROS form on September 12, 2012. We recognize the particular question on the DROS form listing section 12021, subdivision (c)(1), was inaccurate because the statute did not exist when Allen signed the form. However, Allen's response to that particular question was not his only representation on the DROS form.

Allen also certified he had "read the list of prohibited offenses and nothing would preclude me from possessing a firearm." Given the existence of Allen's prior disqualifying conviction, we agree with the trial court that Allen either: (1) had read the list of prohibited offenses and misrepresented that he did not have any such prior convictions; or (2) had failed to read the list of prohibited offenses and misrepresented that he had read it and did not have any such prior convictions. As Allen has not offered an alternative possibility, we cannot conclude the evidence completely exonerates Allen. (See *Adair*, *supra*, 29 Cal.4th at p. 909; *Esmaili*, *supra*, 213 Cal.App.4th at p. 1459.) A

6

person of ordinary care and prudence could believe or conscientiously entertain an honest and strong suspicion that Allen knowingly furnished incorrect information when he certified this statement.  (See *People v. Matthews*, *supra*, 7 Cal.App.4th at p. 1056.)  It does not matter that the prosecution did not initially proceed on this theory because the court was precluded from granting his petition if there was *any* reasonable cause to believe he violated section 28250, subdivision (b)(2).  (*Adair*, *supra*, 29 Cal.4th at p. 904.).  Accordingly, Allen has failed to demonstrate the court erred in denying his petition.

### DISPOSITION

The order is affirmed.

MCCONNELL, P. J.

WE CONCUR:

NARES, J.

AARON, J.