342 So.2d 93 (1977)
E.V.R., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-24.
District Court of Appeal of Florida, Third District.
February 1, 1977.
Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
*94 Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
This is an appeal from an adjudication of delinquency.
A petition for delinquency for larceny of an automobile was filed against juvenile E.V.R. and a plea of denial was entered on his behalf by court appointed counsel. An adjudicatory hearing was held on October 10, 1975 and after presentation of all the evidence, appellant renewed his motion for judgment of acquittal. The motion was denied and appellant requested to make a closing argument. The judge denied appellant's request for the reason that the State waived closing statement and, therefore, appellant was not entitled to argument. Thereupon, the judge entered an adjudication of delinquency and directed that appellant be placed under the supervision of the Florida Division of Youth Services.
Appellant contends that the judge's refusal to afford his counsel the opportunity to present argument on the evidence and the applicable law deprived him of his constitutional rights to effective assistance of counsel and due process.
Determination of the issue in the present case is the due process standard in juvenile proceedings as developed by In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) and In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) which is one of fundamental fairness with an emphasis on fact finding procedures and the requirement of effective assistance of counsel logically resulting therefrom. McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). The extent of counsel's participation to insure fundamental fairness in an adjudicatory hearing is clearly set out in Gault, supra, 387 U.S. at 36, 87 S.Ct. at 1448:
"... A proceeding where the issue is whether the child will be found to be `delinquent' and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution. The juvenile needs the assistance of counsel to cope with problems of law, to make skilled inquiry into the facts, to insist upon regularity of the proceedings, and to ascertain whether he has a defense and to prepare and submit it. The child `requires the guiding hand of counsel at every step in the proceedings against him.' ..."
If counsel is to render effective assistance to his juvenile client at every step in the proceedings and to prepare and submit a defense upon ascertaining that a defense exists, then he must be permitted the opportunity to render a closing statement in a final attempt to persuade the court of the juvenile's innocence. We, therefore, conclude that the presentation of an argument by counsel based upon the evidence introduced at the adjudicatory hearing to be an integral part of a juvenile's right to effective assistance of counsel and the denial of that right unless waived is a denial of due process of law. See In re F., 11 Cal.3d 249, 113 Cal. Rptr. 170, 520 P.2d 986 (1974).
Accordingly, the adjudication of delinquency is reversed and the cause is remanded to the circuit court, juvenile division, to hold a new adjudicatory hearing.
Reversed and remanded.