[Crim. No. 39270. Second Dist., Div. Two. June 16, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
HUDSON EDWARD MANNING, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Kelvin D. Filer, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Jane M. Began, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**COMPTON, J.**—Defendant was convicted in a nonjury trial of the crime of assault with a deadly weapon. He was found not guilty of a count of false imprisonment. We affirm the conviction.

The prosecution produced evidence that defendant assaulted an elementary school teacher on the school grounds by striking her in the

head with a rock which he held in his hand. The injury required suturing and emergency hospital treatment.

Defendant first accosted the victim in the classroom and, after forcibly detaining her there for a period of time, dragged her outside the building where the assault took place.

Defendant offered no evidence. ■■■ On appeal his only contention is that his trial counsel was not permitted to present a final argument to the court prior to the decision finding him guilty of the crime of assault with a deadly weapon.

The source of defendant's contention lies in the following passage from the reporter's transcript.

"MR. DE LA SOTA: [Deputy District Attorney] Your Honor, the People move the introduction into evidence of People's 1 through 4.

"MR. YAMAMOTO: [Defense counsel] I have no objection.

"THE COURT: Received.

"MR. DE LA SOTA: The people rest.

"THE COURT: Are you going to put on any defense?

"MR. YAMAMOTO: No, Your Honor. We're going to rest at this time.

"THE COURT: The matter is submitted. I find the defendant guilty of Count I, not guilty of Count II.

"MR. YAMAMOTO: Your Honor, may we select a date for probation and sentence? We're prepared to waive time to the 18th of September.

"THE COURT: The matter is continued to September 18th for probation and sentence hearing."

■■■ A corollary to the constitutional right to be represented by counsel is the right of counsel to present argument to the court or jury in an attempt to persuade the fact finder of the defendant's innocence. (*People* v. *Green* (1893) 99 Cal. 564 [34 P. 231]; *Herring* v. *New York*

(1975) 422 U.S. 853 [45 L.Ed.2d 593, 95 S.Ct. 2550]; *In re William F.* (1974) 11 Cal.3d 249 [113 Cal.Rptr. 170, 520 P.2d 986].)

Further, Penal Code section 1093, subdivision 5 provides in part: "When the evidence is concluded, unless the case is submitted on either side, or both sides, without argument, the district attorney, . . . and counsel for the defendant, may argue the case to the court and jury; . . ."

Thus since the right is both constitutional and statutory, it cannot be *denied.* Like any other such right, however, it can be *waived.* (1b) In looking at the above quoted passage from the reporter's transcript, the Attorney General sees an implicit waiver of argument, while defendant's attorney sees a denial of the right to argue. According to defendant he never had an opportunity to waive argument since the trial court announced its verdict *immediately* after the defendant rested his case.

In *People* v. *Dougherty** (Cal.App.), the Court of Appeal for the Fifth District, had before it a case in which the same issue was raised and the critical passage from the reporter's transcript was as follows:

"MR. GENDRON: [defense counsel]: . . . We have no further witnesses, Your Honor.

"THE COURT: Any further testimony, Mr. Avent?

"MR. AVENT: [the prosecutor]: No further testimony, Your Honor.

"THE COURT: The Court is going to find that the Petition is true. I mean that the Indictment is true, and it's been established beyond a reasonable doubt, and the Court will now set this matter for a Probation Officer's report and the pronouncement of judgment and the imposition of sentence."

The court there in a two-to-one decision, found that there had been no waiver of argument because "insofar as this record shows" there was no opportunity to waive argument. Continuing, the majority disavowed any requirement of an affirmative waiver on the record, and eschewed any need to determine what would suffice as an implied waiver, since

*Reporter's Note: Deleted on direction of Supreme Court by order dated August 14, 1981.

the majority was convinced that none had occurred in that case. The holding then is indeed a narrow one.

In *People* v. *Dougherty, supra*, the majority additionally commented that a request for argument after the decision or at the time of a motion for a new trial would be futile.

Presiding Justice George Brown, dissenting, observed that the trial judge was seasoned and experienced and should be presumed to have performed his duty. It was thus quite likely that defense counsel had, in some manner, indicated a lack of desire to argue. Presiding Justice Brown suggested that the obligation to request argument should rest with counsel and the appellate court should not further add to an already overextended list of *sua sponte* duties of a trial judge.

As we will discuss, *infra*, we find the dissenting opinion more persuasive, and indeed more in tune with the realities of the criminal trial court.

It appears to us that the majority in *Dougherty* and the defendant here necessarily, but erroneously, assume that because the transcript of what occurred in the trial court shows certain statements by court and counsel as being made sequentially, that those statements were made with machinegun like rapidity without pause and without any inflection in the voice or facial or physical gestures on the part of the speaker.

Only by viewing the record in such a mechanical fashion can one reach the conclusion that counsel had *no opportunity* to request argument prior to the pronouncement of the decision.

In both *Dougherty* and in the case before us even as much as a second of hesitation between the final remark of counsel and the statement of the court in announcing its judgment, would have afforded an opportunity for defense counsel to simply request the right to be heard. Further, in the case at bench, if the trial court in stating "The matter is submitted," had spoken with a questioning inflection, the entire tenor of the exchange would be altered.

In both *Herring* v. *New York, supra*, and *In re William F., supra*, counsel affirmatively requested permission to present argument and in each case the request was denied. It would be a significant extension of those cases to hold that there was a denial of the right to argue where

there was no affirmative request by defense counsel, by inferring from the "cold record" that the court prevented such a request by the speed with which it apparently moved, when as noted that element of "speed" cannot be determined solely from a reading of reporter's transcript.

It may be argued that the problem could be avoided by requiring that in each case, where trial is by the court, the judge affirmatively and on the record obtain a waiver of argument. In our view, that would simply be one more instance of improperly shifting the responsibility of counsel to the shoulders of the trial judge and would open up a whole new area for appeal where the question would then be, not whether the defendant had a fair trial and was adequately represented, but whether or not the trial judge recited the correct "magic words" at the correct time and whether the waiver, in view of the judge's tone of voice and demeanor, was in fact a voluntary waiver.

The issue is a simple one, factual in nature. Did defense counsel desire to argue or didn't he, and if he did, was he prevented from doing so? If counsel truly desired to argue, one would expect that at some point in the proceedings, even as late as on a motion for a new trial, he would have at least mentioned it. Yet both in *Dougherty* and here, the issue never came up until the case reached the Court of Appeal.

A trial judge, like anyone else, is entitled to "face his accuser." If counsel fails to request, on the record, an opportunity to argue, and then wishes to contend that he was prevented by the trial judge from making the request, he, in some fashion, ought to bring it to the trial court's attention rather than appear to acquiesce in the proceedings only to later raise the issue on appeal along with an unsupported claim that to have made the request in the trial court would have been fruitless.

An examination of the entire record here, leads to the logical conclusion—that trial counsel never intended nor desired to argue the case and everyone in the courtroom knew it.

The trial judge was a man of extensive trial experience, both as a lawyer and a judge, with particular expertise in the criminal law. The tenor of the very experienced defense counsel's limited cross-examination of the prosecution witnesses and the sparsity of his objections to the introduction of the evidence, are graphic evidence that defense counsel knew that the result was a foregone conclusion.

Although the evidence would have supported a conviction as to both of the charged counts, the trial judge without any suggestion on the record from defense counsel, or any evidence from the defendant, found the defendant guilty on one count and *not guilty* of the other. Only the most naive neophyte could believe that defense counsel really desired, under the circumstances, to make an argument to the court, or more importantly, that he did not expect the exact results which obtained, or that he was in any way prevented by the judge from making an argument.

In summary we hold that the alleged denial of the right to present argument cannot be raised for the first time on appeal and that the burden is on defendant to make his desire to present argument known to the trial court. (Cf. *In re Dennis M.* (1969) 70 Cal.2d 444 [75 Cal. Rptr. 1, 450 P.2d 296]; *People* v. *Jenkins* (1975) 13 Cal.3d 749 [119 Cal.Rptr. 705, 532 P.2d 857]; *People* v. *Williams* (1970) 2 Cal.3d 894 [88 Cal.Rptr. 208, 471 P.2d 1008].)

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 14, 1981.