[No. A045519. First Dist., Div. Two. June 28, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES C. GAY, Defendant and Appellant.

COUNSEL

James L. Lozenski, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Herbert F. Wilkinson and George F. Hindall III, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BENSON, J.**—Defendant James C. Gay appeals from his conviction of auto burglary with a prior felony conviction. (Pen. Code, §§ 459, 667.5, subd. (b).) After the jury returned its verdict, Gay moved in propria persona for a new trial, claiming ineffective assistance of trial counsel. That motion was denied. The sole issue on appeal is whether the trial court erred by failing to make an adequate inquiry to determine whether substitute counsel should have been appointed to argue defendant's new trial motion. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 1988, Raul Cruz drove his roommate's car to work, parking on Harrison Street in Oakland between 21st and 22d Streets. After making certain the doors were locked, he left the car about 4:30 p.m.

About 12:45 that evening, Jean Pierre Maratuech was walking at the intersection of Harrison and 20th Streets when he heard the sound of breaking glass. As he continued along Harrison Street, Maratuech saw glass on the sidewalk and noticed one of the windows in the car driven by Cruz had been broken. Hearing noise in the car, he looked inside and saw a Black man wearing dark clothes and a ski hat pulling on the back of the rear seat. Maratuech testified the man looked "almost like" defendant Gay, but could not make a positive identification. Maratuech called the police from a nearby pay phone about three minutes later.

The Oakland Police Department dispatcher received Maratuech's call at 12:50 a.m. At 12:52 a.m., two patrol cars with one officer each arrived at the scene. While one officer drove on to patrol the area, Officer Derrick Norfleet pulled up behind the car. After he left his patrol car and approached the parked car, Officer Norfleet saw the interior light go on as Gay stepped out of the car. The officer held Gay at gunpoint until his backup arrived. The officers then arrested and searched Gay, who was carrying approximately $6 in change.

While the police were still gathered around the car, Cruz returned after finishing work. He noticed the rear passenger window of the car had been broken, the back of the rear seat had been bent in a "U-shape," a cardboard barrier between the passenger compartment and the trunk had been torn apart, items from the trunk were now on the backseat, papers in the glove compartment had been strewn about the floor of the car, and $0.75 to $1 in change was missing.

The jury found Gay guilty of second degree burglary. He subsequently admitted the prior conviction. Gay then filed a motion in propria persona for new trial, claiming, among other things, ineffective assistance of counsel. Specifically, Gay's nine-page handwritten motion asserted his appointed trial counsel failed to adequately defend him in the following ways: she did not show a photo-lineup to witness Jean Pierre Maratuech before he testified; she should not have attempted to suppress the police "purge sheet" introduced by the prosecution; she should have called Norfleet's backup officer as a witness, since he had recovered a shoulder bag and other items in the vicinity of the auto burglary; she should have investigated information from the purge sheet indicating that an officer responding to the call

made a "walking stop" of someone just down Harrison Street about the time of Gay's arrest; and she should have requested a continuance of the trial once she learned through the purge sheet there were witnesses who could rebut Officer Norfleet.

Neither in the written motion nor at the subsequent hearing did defendant Gay or his counsel ask the court to appoint new counsel to prepare or argue the motion for new trial. At the hearing, the court noted it had received and reviewed Gay's motion. There was no oral argument sought by defendant or requested by the court. The trial judge did not question Gay or his counsel concerning the claimed ineffective assistance of counsel, and denied the motion. The court then heard argument on sentencing issues. Defendant did not voice any objections when his appointed counsel argued on his behalf.

## DISCUSSION

 Arguing the trial court failed to determine whether it should appoint substitute counsel to present his motion for new trial, defendant primarily relies on this court's decision in *People* v. *Stewart* (1985) 171 Cal.App.3d 388 [217 Cal.Rptr. 306]. In that case, the defendant instructed his appointed defense counsel to file a motion for new trial based on the attorney's purported incompetence at trial. (*Id.* at p. 393.) The motion was filed, but did not describe the specific acts of incompetence. At the hearing, counsel asked the court to appoint new counsel to argue the motion. The court sought further briefing on whether it had to appoint new counsel where defendant had failed to make a prima facie showing his original counsel was incompetent. (*Id.* at pp. 393-394.) At a later in camera hearing, defendant identified certain examples of what he believed constituted ineffective assistance of counsel. The court did not appoint substitute counsel and denied the motion. (*Id.* at p. 394.)

On appeal, this court held: "Where a defendant requests the substitution of new counsel after trial to assist in the preparation of a motion for new trial based on the inadequacy of trial counsel, we believe it imperative that, as a preliminary matter, the trial judge elicit from the defendant, in open court or, when appropriate, at an *in camera* hearing, the reasons he believes he was inadequately represented at trial." (171 Cal.App.3d at p. 395.)

We further held that once the court knows the facts underlying defendant's claim, it can intelligently determine whether it can fairly rule on the new trial motion, or whether it should appoint new counsel to more fully develop the claim of inadequate representation. (171 Cal.App.3d at pp. 395-396.) If, based on the court's understanding of the facts obtained from

defendant, the alleged incompetence relates to events occurring at trial or which can fairly be evaluated by what occurred at trial, the court can rule on the new trial motion without appointing new counsel. (*Id.* at p. 396.) If the incompetence relates to something not occurring in the courtroom or which cannot fairly be evaluated by what occurred there, substitute counsel should be appointed if defendant has presented a colorable claim he was denied his right to effective assistance of counsel. (*Ibid.*)

In *Stewart*, the trial court did not inquire into one of the alleged instances of incompetence sufficiently to determine whether it amounted to a colorable claim. We thus remanded solely for further inquiry into the basis for the new trial motion. (171 Cal.App.3d at p. 398.)

One key fact distinguishes the present case from *Stewart*. Unlike the *Stewart* defendant, defendant Gay never asked the trial court to appoint substitute counsel to prepare or present the new trial motion. His nine-page motion contains not one reference to any desire for substitute counsel. When the court ruled on his motion at the sentencing hearing, defendant did not request substitute counsel or even request argument. In fact, defendant permitted his appointed counsel to argue sentencing issues without expressing any reservations about her competence.

Defendant nevertheless argues for the first time on appeal that the trial court had a duty to make an inquiry as in *Stewart* to determine whether to appoint substitute counsel, even though he had not asked for such counsel. Defendant offers no authority for such a duty. Moreover, in *Stewart* and the other cases defendant relies upon, the defendant had requested new counsel. (*People* v. *Stewart, supra*, 171 Cal.App.3d at p. 393; *People* v. *Marsden* (1970) 2 Cal.3d 118, 120-121 [465 P.2d 44] [motion for substitute counsel]; *People* v. *Winbush* (1988) 205 Cal.App.3d 987, 989 [252 Cal.Rptr. 722] [letter requesting appointment of new counsel to present and argue motion for new trial]; see also, *People* v. *Crandell* (1988) 46 Cal.3d 833, 856 [760 P.2d 423] [request for substitute counsel at superior court level]; *People* v. *Dennis* (1986) 177 Cal.App.3d 863, 872, fn. 5 [223 Cal.Rptr. 236] [handwritten motion requesting appointed counsel be relieved and new counsel appointed].)

While we have found no case directly on point, a recent Supreme Court decision is instructive. In *People* v. *Crandell, supra,* 46 Cal.3d 833, the defendant informally moved to discharge his appointed counsel during municipal court proceedings, claiming inadequate representation. He asked to represent himself. (*Id.* at pp. 851-852.) On appeal, defendant argued that because he asserted inadequate representation, the court had a duty to inquire into the adequacy of counsel's performance and to appoint a

different attorney. Defendant relied on the decision in *People* v. *Marsden, supra,* 2 Cal.3d at page 124, which held that when a defendant with appointed counsel seeks new counsel on the grounds of inadequate representation, the court must allow the defendant to explain the basis for his contentions and describe specific instances of ineffective representation. (*People* v. *Crandell, supra,* 46 Cal.3d at p. 854.)

The court rejected defendant's argument. It emphasized he had not asked the court to appoint new counsel any time during the municipal court proceedings. (*People* v. *Crandell, supra,* 46 Cal.3d at p. 854.) The court held that moving for self-representation based on claimed inadequate representation by appointed counsel does not trigger a duty on the part of the court to conduct a *Marsden* inquiry or to suggest substitution of counsel as an alternative. (*Id.* at pp. 854-855.) Since the defendant did not request substitute counsel, the procedures under *Marsden* to determine the factual basis of defendant's claim of inadequate representation were not required. (*Id.* at p. 855.)

The rule in *Crandell* applies with equal force to the present situation. Here, as in *Crandell,* defendant did not at any point in the proceedings ask the court to appoint substitute counsel. Nevertheless, defendant similarly argues that even without such a request, the court had a duty to inquire into the details of his claims to determine whether to appoint substitute counsel. While defendant Gay moved for new trial based on alleged inadequate representation by appointed counsel and *Crandell* involved a motion for self-representation, the deciding factor in both cases is the defendant's failure to request substitute counsel.

A trial judge should not be obligated to take steps toward appointing new counsel where defendant does not even seek such relief. To the contrary, unless requested to do so by defendant, the trial court has no statutory or inherent power to substitute appointed counsel, sua sponte, based on the judge's subjective opinion the attorney is incompetent. (See *Smith* v. *Superior Court* (1968) 68 Cal.2d 547, 549 [68 Cal.Rptr. 1, 440 P.2d 65] (substitute counsel appointed over defendant's objection); *Ingram* v. *Justice Court* (1968) 69 Cal.2d 832, 840 [447 P.2d 650, 36 A.L.R.3d 1391]; Code Civ. Proc., § 284.)

■ Moreover, defendant may not raise the issue of substitute counsel on appeal, when it was not raised in the trial court. (See *People* v. *Williams* (1970) 2 Cal.3d 894, 909-910 [471 P.2d 1008] [defendant who fails to object at trial on the ground of lack of counsel at a lineup cannot raise the issue on appeal; the fact that defendant is in pro per does not excuse him from that rule]; *People* v. *Groves* (1969) 71 Cal.2d 1196, 1198 [458 P.2d 985] [defend-

ant who does not challenge validity of arrest warrant at trial cannot do so on appeal]; *People* v. *Manning* (1981) 120 Cal.App.3d 421, 427 [174 Cal.Rptr. 625] [denial of right to present argument cannot be raised for the first time on appeal].)

 We therefore hold that absent a request the court appoint substitute counsel to prepare and present a motion for new trial based on inadequate representation, the *Stewart* procedures concerning appointment of such counsel are not required. (*People* v. *Crandell, supra,* 46 Cal.3d at p. 855.) Since defendant did not request substitute counsel, the court was only required to consider and rule on defendant's motion for new trial.[1] Since the court did so, we find no error. Defendant does not assert the court's denial of the motion itself was erroneous. Our conclusion the court had no duty to make a *Stewart* inquiry thus resolves the sole issue on appeal.

### DISPOSITION

The judgment is affirmed.

Smith, Acting P. J., and Peterson, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 12, 1990.

---

[1] Even if the trial court had been asked to appoint substitute counsel, and thus had a duty to conduct a *Stewart* inquiry, sufficient details of the claimed ineffective assistance of counsel were set forth in the written motion itself for the court to determine whether defendant made a colorable claim. Further inquiry by the court would have been unnecessary.