LEHAN, Judge.
We affirm defendant’s convictions for sale of a counterfeit controlled substance.
We disagree with defendant’s contention that because there was evidence that the substance he sold to undercover officers was a controlled substance rather than a counterfeit controlled substance, the evidence was insufficient to exclude his reasonable hypothesis of innocence. There was other evidence that the substance was a counterfeit controlled substance which provided sufficient basis for the trier of fact to exclude defendant’s hypothesis of innocence. See Benson v. State, 526 So.2d 948, 955 (Fla. 2d DCA), review denied, 536 So.2d 243 (Fla.1988), cert. denied, 489 U.S. 1069, 109 S.Ct. 1349, 103 L.Ed.2d 817 (1989). Defendant’s argument on appeal that that evidence was not shown to be competent was not preserved for appeal. See Jennings v. Stewart, 308 So.2d 611 (Fla. 3d DCA 1975).
*37 We also disagree with defendant’s contention that he was denied the right to present a defense and the right to counsel when the trial court found him guilty following the close of the state’s case immediately after denying his motion for judgment of acquittal. Defense counsel did not then object or in any other way indicate an intention to present testimony or to make any additional argument to the court and, in fact, actively participated in discussions with the court following the denial of the motion for judgment of acquittal without mentioning any desire to conduct any further proceedings. We conclude that defense counsel acquiesced in the procedure followed by the trial court and waived the foregoing rights. See Herring v. New York, 422 U.S. 853, 860, 95 S.Ct. 2550, 2554, 45 L.Ed.2d 593, 599 (1975). See also Willoughby v. State, 203 So.2d 10 (Fla. 3d DCA 1967); People v. Manning, 174 Cal. Rptr. 625, 628, 120 Cal.App.3d 421, 426 (Cal.Ct.App.1981) (“[a]n examination of the entire record here, leads to the logical conclusion that trial counsel never intended nor desired to argue the case and everyone in the court room knew it.”).
Affirmed.
RYDER, A.C.J., and PARKER, J., concur.