[No. F016132. Fifth Dist. Dec. 7, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
NEIL PHILLIP McARTHUR, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

622

**COUNSEL**

John Patrick Moore for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, W. Scott Thorpe and Michael J. Weinberger, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BEST, P. J.**—Defendant was convicted by jury of the following offenses: count 1—infliction of corporal injury on a cohabitant of the opposite sex (Pen. Code, § 273.5); count 2—possession of cocaine (Health & Saf. Code, § 11350); count 3—possession of methamphetamine (Health & Saf. Code, § 11377); count 4—exhibition of a firearm in a threatening manner (Pen. Code, § 417, subd. (a)(2)); and count 5—vandalism (Pen. Code, § 594, subd. (b)(4)). During trial, defendant entered a plea of no contest to the charges in counts 6 and 7—driving under the influence (Veh. Code, § 23152, subds. (b) and (a), respectively).

The court suspended imposition of sentence for counts 1, 2, and 3 and granted defendant five years' felony probation on the condition, inter alia, he serve three hundred sixty-five days in jail. Defendant was sentenced to terms in the county jail of six, three, and six months, respectively, for counts 4, 5, and 6, with credit for time served. A six-month sentence for count 7 was stayed.

At defendant's arraignment, the court (Judge Mardikian) granted defendant's request to be appointed cocounsel along with retained counsel, Ronald Sawl. At trial, the court (Judge Henry) permitted this arrangement to continue after discussing it with defendant.

Following his conviction, defendant filed a motion for new trial in which he argued he had been denied his right to counsel under the Sixth Amendment because (1) the court failed to warn him adequately about the dangers of self-representation (*Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]), and (2) defense counsel was ineffective. The court denied the motion after a hearing. Defendant now appeals on these same grounds. We affirm.

DISCUSSION

I. *Faretta Waiver.*

The defendant in a criminal case has a constitutionally protected right of self-representation. (*Faretta v. California, supra,* 422 U.S. 806.) However, a defendant who represents himself relinquishes many of the traditional benefits associated with the right to counsel, and therefore must " 'knowingly and intelligently' " waive those benefits. (*Id.* at p. 835 [45 L.Ed.2d at p. 581].) "[H]e should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he

knows what he is doing and his choice is made with eyes open.' " (*Ibid.* [45 L.Ed.2d at p. 582].)

## A. *The Need for a Waiver.*

Although a defendant may elect to represent himself, he has no right to act as cocounsel, i.e., he is not entitled to both professional representation and self-representation. (*People v. Clark* (1992) 3 Cal.4th 41, 97 [10 Cal.Rptr.2d 554, 833 P.2d 561]; *People v. Frierson* (1991) 53 Cal.3d 730, 741 [280 Cal.Rptr. 440, 808 P.2d 1197]; *People v. Andrews* (1989) 49 Cal.3d 200, 219 [260 Cal.Rptr. 583, 776 P.2d 285].) In addition, tactical conflicts, trial delays, and confusion often arise when a defendant attempts to share legal functions with his attorney. As a result, cocounsel status should be granted only upon a " 'substantial' showing that it will promote justice and judicial efficiency in the particular case." (*People v. Hamilton* (1989) 48 Cal.3d 1142, 1162 [259 Cal.Rptr. 701, 774 P.2d 730].)

Thus, the law recognizes, with some variation, only two basic types of representation: professional representation and self-representation. A defendant's entitlement to *Faretta* warnings depends upon which form he selects. (*People v. Jones* (1991) 53 Cal.3d 1115, 1142 [282 Cal.Rptr. 465, 811 P.2d 757].) If he chooses to represent himself, with professional counsel acting only in an advisory capacity, he assumes responsibility for the case and forfeits the right to have an attorney make the strategic and tactical decisions pertaining to his defense. Consequently, he must be given appropriate warnings. (*Ibid.*) However, if he chooses to be represented by counsel and assumes only a limited role as cocounsel, the defense attorney retains control over the case and can prevent the defendant from taking actions detrimental to his defense. In that situation, *Faretta* warnings may be given but are not required. (*Ibid.*)

In this case, defendant argues the trial court erred by failing to expressly advise him he was waiving his right to professional counsel by seeking appointment as cocounsel. He claims, on the one hand, it was never his intention to assume control of the defense and maintains that Attorney Sawl in fact retained exclusive control of the important aspects of the case. If that were indeed the situation, a *Faretta* warning would not have been necessary. Elsewhere, however, defendant asserts he fully participated in the "core functions" of his defense and therefore should have been advised he was waiving his right to have counsel perform those functions. (*United States v. Kimmel* (9th Cir. 1982) 672 F.2d 720, 721.) He notes that he "actively participated in the representation of himself, often to the exclusion of professional counsel" and "prepared and argued numerous legal motions,

investigated the case, examined and cross-examined witnesses, brought objections, argued evidentiary points and gave the closing argument to the jury."

■ Defendant cannot have it both ways. As this court stated in *People* v. *Spencer* (1984) 153 Cal.App.3d 931, 939-940 [200 Cal.Rptr. 693]: " 'While it may be within the discretion of a [court] to permit both a criminal defendant and his attorney to conduct different phases of the defense in a criminal trial, [citation], for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both [the right to counsel and the right to self-representation]. The defendant must make a choice, and he should not be permitted to manipulate his choice so that he can claim reversible error on appeal no matter which alternative he apparently chose. . . . [Citation.]' [Fn. omitted.]" (Citing *United States* v. *Conder* (6th Cir. 1970) 423 F.2d 904, 908.)

■ It is evident from the trial record the roles of defendant and defense counsel were never clearly defined or understood, and changed over the course of the trial. In his declaration in support of the motion for new trial, defendant stated it was his desire and expectation at the time he was appointed cocounsel that his attorney would retain control of the defense, but that their roles thereafter became "confused." This confusion developed to the point that defendant eventually sought to exclude defense counsel from the remainder of the trial except for certain limited purposes. Sawl testified he and defendant initially agreed to share responsibility for strategic decisions, but that "things changed throughout the course of the trial." Elsewhere he described his role as merely that of an advisor and stated he gave "great deference" to defendant's wishes.

Whatever the initial arrangement, it is clear from the trial record defendant eventually took a significant if not dominant role in the defense. To that extent at least, he relinquished his right to professional representation and was entitled to do so with "eyes open."

B. *The Adequacy of the Waiver.*

On the day trial began, the court (Judge Henry) engaged in the following colloquy with defendant:

"THE COURT: I see by the moving papers, Mr. McArthur, you are representing yourself as co-counsel in this case; is that correct?

"THE DEFENDANT: Yes, it is correct, the verbiage.

"THE COURT: Have you previously appeared as co-counsel in this case?

"THE DEFENDANT: Yes, I have, Your Honor.

"THE COURT: And what proceedings? Preliminary hearing or—

"THE DEFENDANT: All Superior Court proceedings, Your Honor.

"THE COURT: And I take it, Mr. Sawl, you are retained counsel; am I correct?

"MR. SAWL: Yes, Your Honor.

"THE COURT: And you have discussed amongst yourselves which facets of the case you intend to handle between yourselves?

"MR. SAWL: Yes, Your Honor.

"THE COURT: I want those clarified at some point in time. Mr. McArthur, I think it is incumbent upon me to cover a few matters. Let's get this straight and out in the open so we'll all understand each other. First of all, you have heard it said a person who represents himself has a fool for a client. You have heard that.

"THE DEFENDANT: Yes, Your Honor, I've heard that.

"THE COURT: You've heard that on occasion, I believe, when you were counsel for yourself and won the case; is that correct, sir?

"THE DEFENDANT: Well, Your Honor, I've heard it and that's why I retained the services of Mr. Sawl.

"THE COURT: All right. What I want to do is make a record here because as you probably know from previous advice that a person who does represent himself and fouls up, makes a mistake, asks the wrong question, whatever he does, is giving—which you're entitled to do, it's a matter of constitutional law, you are entitled to represent yourself. I take that in whole or in part, although Mr. Hight [the prosecutor] may have a different view, I see it as two or more attorneys representing a defendant, but so long as there's a division of labor, that's clear. But I want to make sure that you know that in doing that you are running afoul and there are certain perils, and I want to make sure that on this record we have that so reflected. You are aware of the fact that you may be giving up appellate remedies when you yourself make error in the case; are you so aware?

"THE DEFENDANT: Yes, I am."

The court then conducted a further inquiry which established defendant had 16 years of education, had worked as a computer consultant to the medical profession, and had previously represented himself successfully in a three-month criminal trial. The court concluded defendant had the ability to represent himself and granted him permission to do so.

■ "The test of a valid waiver of counsel is not whether specific warnings or advisements were given but whether the record as a whole demonstrates that the defendant understood the disadvantages of self-representation, including the risks and complexities of the particular case. [Citations.]" (*People* v. *Bloom* (1989) 48 Cal.3d 1194, 1225 [259 Cal.Rptr. 669, 774 P.2d 698].) The requirement is met if the record establishes the defendant is literate and understanding and has voluntarily exercised the choice of representing himself. (*People* v. *Jackson* (1978) 88 Cal.App.3d 490, 496 [151 Cal.Rptr. 688].)

The burden is on the defendant to demonstrate he did not knowingly and intelligently waive his right to counsel. (*People* v. *Harbolt* (1988) 206 Cal.App.3d 140, 149 [253 Cal.Rptr. 390]; *People* v. *Barlow* (1980) 103 Cal.App.3d 351, 370-371 [163 Cal.Rptr. 664].)

■ The defendant's competence to waive counsel is a determination within the sound discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion. (*People* v. *Salas* (1978) 77 Cal.App.3d 600, 605 [143 Cal.Rptr. 755].)

■ Here the court determined the defendant was well educated and experienced in legal procedures; it advised him he might be relinquishing certain rights on appeal by representing himself; and it advised him against taking that course. This was sufficient to establish defendant's request for cocounsel status was voluntary and intelligent; the court did not abuse its discretion in granting the request. (See *People* v. *Dale* (1978) 78 Cal.App.3d 722 [144 Cal.Rptr. 338]; *People* v. *Elliott* (1977) 70 Cal.App.3d 984 [139 Cal.Rptr. 205].)

■ The remaining question is whether defendant was entitled to an admonition at the arraignment when he first made a motion for cocounsel

status. It is undisputed the court (Judge Mardikian) granted the motion without any inquiry or warning pursuant to *Faretta*.[1]

Following the arraignment, defendant attended a trial-setting conference at which the court granted his request for a continuance. He later attended a second trial-setting conference. The clerk's minutes indicate defense counsel appeared at the first conference but not at the second.[2] In the interim between the arraignment and the trial, defendant also interviewed potential witnesses, prepared various motions, and had some conversations with the district attorney's office regarding pretrial discovery. During this same period, defense counsel by his own admission did little to prepare for trial other than to consult occasionally with defendant.

As noted, defendant stated it was not his intention at the time of the arraignment to assume control or responsibility for his case. When defendant appeared alone at a trial confirmation he did not thereby assume a function at the "core of the lawyer's traditional role" such that he relinquished his right to professional representation. (*United States* v. *Kimmel, supra,* 672 F.2d at p. 721.) Therefore, while an admonition at the arraignment would have been advisable, it was not required. (*People* v. *Jones, supra,* 53 Cal.3d at pp. 1142-1143.) Furthermore, even if the failure to give a *Faretta* warning at the arraignment was error, it was harmless.

## C.   *Standard of Reversible Error.*

The few courts to consider the issue have differed on the standard of reversible error when a trial court fails to obtain a knowing and intelligent waiver of the right to counsel. In *People* v. *Lopez* (1977) 71 Cal.App.3d 568, 571 [138 Cal.Rptr. 36], the Fourth District, citing *In re William F.* (1974) 11 Cal.3d 249 [113 Cal.Rptr. 170, 520 P.2d 986] without discussion, concluded the error was reversible per se.[3] In *People* v. *Cervantes* (1978) 87 Cal.App.3d 281, 291-294 [150 Cal.Rptr. 819], the Second District adopted the harmless error test of *Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065]. This court, in *People* v. *Spencer, supra,* 153 Cal.App.3d at pages 945-946, acknowledged the difference of opinion, but

---

[1]A transcript of the arraignment is not included in the record on appeal. Defense counsel testified at the hearing on the motion for new trial that no warnings or admonitions were given, and respondent has presented no evidence or argument to rebut this testimony.

[2]Testifying at the hearing on his motion for new trial, defendant stated Attorney Sawl appeared at neither conference although there was no agreement that defendant would appear alone.

[3]In *William F.*, the trial court denied a juvenile defendant's counsel the opportunity to present arguments on his behalf at the jurisdictional hearing. The Supreme Court reversed, holding the presentation of argument is an integral part of the right of a juvenile to be represented by counsel. (*Id.* at pp. 254-255.).

found it unnecessary to determine which standard applies. (See also *People v. Fabricant* (1979) 91 Cal.App.3d 706, 713 [154 Cal.Rptr. 340].) Finally, in *People v. Hall* (1990) 218 Cal.App.3d 1102, 1108-1109 [267 Cal.Rptr. 494], the Second District held the error was reversible per se. The *Hall* court noted that, subsequent to *Lopez* and *Cervantes*, the United States Supreme Court decided *Rose v. Clark* (1986) 478 U.S. 570 [92 L.Ed.2d 460, 106 S.Ct. 3101] in which it stated denial of the right to counsel is an error which "necessarily render[s] a trial fundamentally unfair." (*Id.* at p. 577 [92 L.Ed.2d at p. 470].)

However, this citation to *Rose v. Clark* does not resolve the issue because it refers only to a "complete denial of [the] right to counsel," citing *Gideon v. Wainwright* (1963) 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733].[4] Elsewhere in the opinion, the court notes that other violations of the right to counsel are subject to the harmless error rule, specifically the admission of witness identifications or confessions obtained in violation of the right. (*Rose v. Clark, supra,* 478 U.S. at p. 576 [92 L.Ed.2d at p. 469].) Likewise, a claim of ineffective counsel, also rooted in the Sixth Amendment, requires both a showing of deficient performance and proof of resulting prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 694 [80 L.Ed.2d 674, 104 S.Ct. 2052].) ■ Thus, only the most fundamental violations of the right to counsel are reversible per se; "there is a strong presumption that any other errors that may have occurred are subject to harmless-error analysis." (*Rose v. Clark, supra,* 478 U.S. at p. 579 [92 L.Ed.2d at p. 471].)

" 'The harmless-error doctrine recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence, [citation], and promotes public respect for the criminal process by focussing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error.' [Citations.]" (*Rose v. Clark, supra,* 478 U.S. at p. 577 [92 L.Ed.2d at p. 470].)

"The *Faretta* decision which bestows an 'implied' constitutional right for a defendant to make a fool of himself should not be extended to make a fool out of the efficient and economical administration of the entire criminal justice system by requiring reversal per se because a trial judge did not, in the eyes of a reviewing court, properly warn a defendant of the foolishness of his request to make a fool out of himself." (*People v. Cervantes, supra,* 87 Cal.App.3d at p. 293.)

■ Accordingly, we apply the harmless error test and conclude the failure of the trial court in this case to admonish defendant at his arraignment

---

[4] In *Gideon*, the defendant appeared without an attorney, and the trial court refused to appoint one for him.

about the dangers of self-representation, if error, was harmless beyond a reasonable doubt. *(Chapman* v. *California, supra,* 386 U.S. 18.)

II.  *Ineffective Assistance of Counsel.**

. . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Vartabedian, J., and Buckley, J., concurred.

.

---

*See footnote, *ante*, page 619.