921 So.2d 813 (2006)
J.M.S., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-3738.
District Court of Appeal of Florida, Fifth District.
March 3, 2006.
*814 James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
J.M.S. appeals the disposition of a juvenile case. J.M.S. argues that the trial judge erred in not allowing the child's defense attorney to present closing argument before it made a finding of guilt and denying the child's motion to dismiss both charges. Concluding that the trial court erred when it prevented the defense counsel from participating in closing argument, we reverse and remand for a new adjudicatory hearing.
The State charged the appellant, J.M.S., by delinquency petition with disorderly conduct in violation of section 877.03, Florida Statutes (2004), and disruption of an educational institution in violation of section 877.13(1)(a). The petition alleged that J.M.S. engaged in brawling or fighting or engaged in such conduct as to constitute a breach of the peace or disorderly conduct by yelling. The petition also alleged that yelling was the manner by which J.M.S. disrupted or interfered with the lawful administration or functions of an educational institution.
The State presented several witnesses who stated that J.M.S. had been serving in-school suspension and was told not to go to the DARE[1] graduation. Without permission, J.M.S. left in-school suspension and attended the ceremony. When the assistant principal noticed the child, she sent him to the principal's office. J.M.S. asked to call his mother. Although J.M.S. was told to wait outside the office while attempts were made to contact his mother, the child repeatedly entered the principal's office and refused to leave. He cursed the assistant principal and refused to follow her directions to sit down. He also confronted her with his fists balled up in a threatening manner. The assistant principal testified she felt threatened. The principal asked the DARE deputy, who was conducting the ceremony, to come to the office to assist with J.M.S. When the deputy tried to escort J.M.S. from the office, the child pulled away and the deputy tried to restrain the child. J.M.S. violently thrashed about and attempted to kick the principal and the deputy. The deputy told J.M.S. to calm down or he would have no other choice but to arrest him. The child cursed the deputy and called the assistant principal a bitch. This testimony was supported by the assistant principal and an investigator for the State Attorney's Office who walked in on the incident while present on another matter. The investigator *815 was scratched when she attempted to help the deputy restrain the child. A school clerk testified that she had to stop working on the school attendance forms to close the door to the office due to the noise J.M.S. created. The school clerk completed the data entry the following day.
The State rested, and the defense moved for a dismissal arguing that yelling or cursing is not enough to prove disorderly conduct. The defense also argued that there was no incitement or encouragement because no other children were present. Further, the clerk who closed the back office door had done so regularly as part of her job over many years; the deputy had completed the DARE ceremony, and the children were enjoying their refreshments before he was called away; and no work had to stop due to the incident. Regarding disruption of an educational institution, defense counsel argued that yelling and even profanity was not enough to disrupt or interfere with the lawful administration of the school. Despite the deputy being asked to leave the ceremony, it did not prevent or interfere with the lawful administration of the school's functions.
The court denied the motions and found J.M.S. guilty of both counts. The defense immediately asked for a closing argument, but the court denied the request, citing the lateness of the hour and another pending case. The court allowed defense counsel to submit a memorandum if she liked, but "at this point in time, the child is found guilty," and it scheduled a disposition hearing. At the disposition hearing, the court asked whether the defense would argue the renewed motion for judgment of acquittal and closing argument that had been filed. In the motion, defense counsel renewed her request for closing argument and asked the court to dismiss the charges. Substitute counsel responded that the assistant public defender present at the adjudicatory hearing did not ask her to argue the motions  just to file a notice of appeal. The court then denied the motion. The defense counsel indicated that J.M.S., his mother, and counsel had discussed the predisposition report. The trial court withheld adjudication of delinquency and placed the child on judicial warning.[2]
The child argues that the trial court's adjudication of guilt without allowing a closing argument violated his Sixth Amendment constitutional right to effective assistance of counsel. The right of the defense to make a closing summary of the evidence to the trier of facts in a criminal case applies in both jury and nonjury trials. Herring v. New York, 422 U.S. 853, 857-58, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). Permitting a closing argument to be made in writing does not cure the trial court's error in denying the right to make a closing argument. M.E.F. v. State, 595 So.2d 86, 87 (Fla. 2d DCA 1992). See also S.G. v. State, 678 So.2d 495, 495 (Fla. 5th DCA 1996) (reversing adjudications after trial court refused to permit closing argument in delinquency proceeding); T.W. v. State, 677 So.2d 111, 111 (Fla. 4th DCA 1996) (accord); T. McD. v. State, 607 So.2d 513, 513 (Fla. 2d DCA 1992) (accord); E.C. v. State, 588 So.2d 698, 699 (Fla. 3d DCA 1991) (accord); E.V.R. v. State, 342 So.2d 93, 94 (Fla. 3d DCA 1977) (accord).
The State counters that the trial court's offer six weeks later at the disposition hearing of an opportunity to argue the renewed motion for judgment of acquittal *816 and closing argument and counsel's response that she was not requested to present the closing argument constituted a waiver of the right. We disagree; there was no waiver.
As the Second District announced in M.E.F., it is an absolute violation of the Sixth Amendment for the court to deny the defendant the right to make closing argument. 595 So.2d at 87. The trial court's offer for counsel to present its closing argument in writing did not cure the error; neither did counsel's acquiescence in that procedure constitute a waiver of the violation of appellant's constitutional right. Id. There, the court reversed and remanded for a new adjudicatory hearing before a different trial judge. Id.
J.M.S.'s counsel did not waive the right to make a closing argument. The denial of that right unless specifically waived is a denial of due process of law. E.V.R., 342 So.2d at 94 (citing In re William F., 11 Cal.3d 249, 113 Cal.Rptr. 170, 520 P.2d 986, 989 (1974)). In this case, the denial of right to counsel is considered per se prejudicial. William F., 11 Cal.3d 249, 113 Cal.Rptr. 170, 520 P.2d at 990. As the California Supreme Court announced:
The compelling reason for the rule of prejudice per se is that no realistic measure of prejudice resulting from counsel's nonparticipation can be made when, because of the very absence thereof the record fails to reflect what different direction the proceedings might have taken and what different results might have obtained. `The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.' (citations omitted). Id.

Counsel in this case was precluded from making any argument prior to the court's finding of guilt. To later allow counsel to make a written closing argument and to voice argument at the disposition hearing after the court had already determined guilt does not cure the prejudice. A child has the right to be represented by counsel and, to have effective counsel, counsel must be allowed to participate in all essential stages of the case. Regardless of the hour or pending cases, the court cannot prevent the attorney representing the child from giving a closing argument before it determines the child's fate.
Accordingly, we REVERSE and REMAND for a new adjudicatory hearing.
PALMER and LAWSON, JJ., concur.
NOTES
[1] DARE is the acronym for Drug Awareness Resistance and Education, a drug education program run by law enforcement on school campuses.
[2] The court established several guidelines concerning the warning that included doing chores at home, obeying his mother's curfew, no possession of drugs or alcohol, not hanging out with adults that use or possess illegal drugs, completion of fifteen hours of community service, and letters of apology to his mother and the school.