Filed 4/15/14  P. v. Craig CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PHILLIP JOHN CRAIG,<br><br>Defendant and Appellant. | C071729<br><br>(Super. Ct. Nos. NCR83073, NCR83441) |

Defendant Phillip John Craig pled guilty to possession of methamphetamine for sale (Health & Saf. Code, § 11378) and admitted two prior strike convictions (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)).[1]  The trial court denied defendant's motions to withdraw the plea and to dismiss one of the prior strikes.  It sentenced him to serve 25 years to life in state prison.

---

[1]     Undesignated statutory references are to the Penal Code.

On appeal, defendant contends (1) the trial court erred in failing to conduct a *Marsden*[2] hearing based on his motion to withdraw the plea and (2) his sentence should be vacated and remanded for resentencing under the Three Strikes Reform Act of 2012 (§§ 667, 1170.12, 1170.026, as approved by voters, Gen. Elec. (Nov. 6, 2012)) (Proposition 36) because Proposition 36 is retroactive. We conclude defendant did not clearly indicate he wanted substitute counsel in his motion to withdraw his plea. Thus, the trial court was not obligated to conduct a *Marsden* hearing. We also reject defendant's contention that Proposition 36 applies to his sentence. Based on the reasons stated by the court in *People v. Yearwood* (2013) 213 Cal.App.4th 161 (*Yearwood*), we conclude Proposition 36 is not retroactive and does not apply to defendant's sentence. Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On February 7, 2012, defendant was arrested on an outstanding felony warrant. Officers searched his car and found 42.1 grams gross weight of methamphetamine, 9.6 grams net weight of methamphetamine, 22.1 grams gross weight of marijuana, 3 packages containing 174.5 grams gross weight of marijuana, 7 pill vials containing a total of 122.3 grams gross weight of marijuana, 5 containers holding 660.8 grams gross weight of marijuana, 14 Soma pills, 5 hydrocodone pills, 15 marijuana cigarettes, 15 syringes, a scanner, digital scales, a two-bladed sword, and $1,102 in cash.

About one month after the trial court denied defendant's suppression motion, defendant asked the court for a hearing on "Removal of counsel and possibly appointed pro per with assistance of counsel." The trial court conducted a *Marsden* hearing and denied the request.

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

Defendant later filed a motion to withdraw his guilty plea.  In a declaration filed in support of the motion, defendant alleged trial counsel had been assisting the prosecutor.  According to defendant, a police sergeant made hand signs to the prosecutor at a hearing; defense counsel and the judge "both saw this and immediately stared at paperwork until questioning stopped."  Defendant claimed the prosecutor did not present a case at the hearing, but defense counsel removed defendant from the courtroom so the judge "might save the District Attorney."  Counsel failed to call defendant or defendant's witness, and the officer was suddenly unavailable when defendant pointed out a case that could be used to impeach him.  Defendant also claimed trial counsel did not call "our" witness at the suppression hearing.  He further alleged the prosecutor did not present a case at the suppression hearing, and the trial court ruled on the suppression motion before the hearing started.

Regarding trial counsel, defendant's declaration stated:  "I've tried to fire him and it was denied.  I filed a complaint with the State Bar and told him as much."  Defendant declared that when he asked counsel to ask the trial court for a continuance so "I can have my family hire a lawyer.  He's not only refused to, he continues to ask, 'How much money does your family have.' "  Defendant stated he has a family friend, "a retiring attorney," who investigated the case and would testify there was no arrest warrant.  According to defendant, the arrest warrant might be real, but was drawn up on June 18, 2012, "based on all the fresh ink on [defense counsel's] nose that day."

Defendant also submitted in pro per a "complaint" with the trial court in which he alleged various errors regarding the arrest warrant and the testimony at the suppression motion, his intent to file a *Pitchess*[3] motion, and "double jeopardy" based on defendant telling trial counsel about the perjury by the prosecution's star witness.  He also sent a

---

[3]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

3

letter to the judge alleging defense counsel ignored his requests for documents and "stuck up for the prosecutor and sheriff's office." Defendant also submitted a handwritten motion to withdraw his plea and declaration in support of the motion, alleging "trickery and malicious[] intent" by his court-appointed counsel, collusion with the prosecutor, and tactics to "lure the defendant into taking the plea." Finally, defendant sent another letter to the judge asking him to read the transcripts of the proceedings "in order to set about immoral conduct of my court appointed" counsel. Defendant reiterated his allegations regarding his request for a continuance for his family to retain counsel, and alleged counsel told him he had no defense and could be sentenced to serve 100 years to life. When he told trial counsel about evidence that the arrest warrant never existed, defense counsel "went out of his way to falsify a document that does not exist in court records and when he brought it to the jail the ink was fresh on his nose."

Defendant was present at the hearing on his motion to withdraw his plea. After stating it had read "the papers" and made extensive notes, the trial court asked defense counsel if he wished to be heard. Counsel said, "we are prepared to submit on the motion and my client's attached declaration." The prosecutor also submitted on the filings. The trial court denied the motion.

## DISCUSSION

## I

### *Marsden* **Hearing**

Defendant contends the trial court should have held a second *Marsden* hearing based on statements made in his motion to withdraw the plea. We disagree because defendant did not clearly indicate he wanted substitute counsel.

*People v. Sanchez* (2011) 53 Cal.4th 80 (*Sanchez*) held that "a trial court is obligated to conduct a *Marsden* hearing on whether to discharge counsel for all purposes and appoint new counsel when a criminal defendant indicates after conviction a

4

desire to withdraw his [or her] plea on the ground that his [or her] current counsel provided ineffective assistance only when there is 'at least some clear indication by defendant,' either personally or through his [or her] current counsel, that defendant 'wants a substitute attorney.' [Citation.]" (*Id.* at pp. 89-90.) In so holding, *Sanchez* disapproved several cases, including cases relied upon by defendant (*People v. Eastman* (2007) 146 Cal.App.4th 688; *People v. Meija* (2008) 159 Cal.App.4th 1081; *People v. Mendez* (2008) 161 Cal.App.4th 1362), in which the appellate court had "incorrectly implied that a *Marsden* motion can be triggered with something less than a clear indication by a defendant, either personally or through current counsel, that the defendant 'wants a substitute attorney.' [Citation.]" (*Sanchez*, at p. 90, fn. 3.)

Defendant attempts to distinguish or limit *Sanchez*, asserting its statement regarding what triggers the requirement to hold a *Marsden* hearing was merely dicta. According to defendant, the "principal effect of *Sanchez* was to disapprove the practice whereby courts routinely appointed substitute counsel for the purpose of handling a motion to withdraw the plea, with former counsel being reappointed if substitute counsel determined that no grounds supported such a motion, or if the court denied the motion."

We do not read *Sanchez* so narrowly. Defense counsel in *Sanchez* told the court the defendant wished to have counsel explore having his plea withdrawn, and after a continuance, defense counsel told the court conflict counsel was needed. (*Sanchez, supra*, 53 Cal.4th at p. 85.) The California Supreme Court affirmed the Court of Appeal's reversal and remand for a *Marsden* hearing, finding " 'the trial court's duty to conduct a *Marsden* hearing was triggered by defense counsel's request for appointment of substitute counsel to investigate the filing of a motion to withdraw [the] plea on Sanchez's behalf.' " (*Id.* at p. 90, fn. 3.) Contrary to defendant's position, the Supreme Court's statement regarding what triggers a *Marsden* hearing constitutes one of the holdings.

5

Here, defendant moved to withdraw his plea based in part upon trial counsel's competency. Neither defendant nor his trial counsel clearly indicated he (defendant) wanted a substitute attorney to represent him. Defendant's declarations and complaint expressed a desire to withdraw his plea based on newly discovered evidence and trial counsel's alleged incompetence and collusion with the prosecutor. Defendant's declarations made statements regarding new counsel, that his attempt to "fire" counsel was denied, and he had asked trial counsel to request a continuance so his family could raise money to retain counsel. Defendant knew how to ask for substitute counsel, having done so previously. Defendant also knew asking for substitute counsel would trigger a *Marsden* hearing. Although defendant referenced the trial court's denial of his previous request for substitute counsel, he did not make a new request for substitute counsel in his papers. At the hearing on his motion to withdraw the plea, defendant did not request new counsel. Instead, the parties submitted on the papers.

Based on the record, we conclude defendant's statements did not clearly indicate he wanted substitute counsel. (See *People v. Gay* (1990) 221 Cal.App.3d 1065, 1070 [the defendant moved for a new trial based on incompetence of counsel but did not ask for new counsel; the appellate court held: "A trial judge should not be obligated to take steps toward appointing new counsel where defendant does not even seek such relief"].) Thus, the trial court did not err in not conducting a *Marsden* hearing.

## II

### *Proposition 36*

Defendant contends Proposition 36 retroactively applies to his sentence and his sentence should therefore be vacated and remanded for resentencing under the new law.[4]

---

[4] We note this issue is currently pending before the California Supreme Court. (*People v. Conley* (2013) 215 Cal.App.4th 1482, review granted Aug. 14, 2013,

6

On November 6, 2012, the voters passed Proposition 36, which amended the three strikes law. Proposition 36 limited three strikes sentences (25 years to life) to cases where the current crime is a serious or violent felony or where the prosecution had pled and proven a disqualifying factor. (See §§ 1170.12, subd. (c), 667, subd. (c); *Yearwood, supra,* at pp. 167-168.) Here, defendant's crime is neither a violent nor serious felony. (§§ 1192.7, subd. (c), 667.5, subd. (c).) He was sentenced on July 16, 2012. Had defendant been sentenced today, he would not be subject to a 25-year-to-life sentence under the three strikes law.[5]

In asking us to vacate his sentence and remand the matter, defendant relies on the rule of retroactivity set forth in *In re Estrada* (1965) 63 Cal.2d 740. Under the *Estrada* rule, a legislative amendment that lessens criminal punishment is presumed to apply to all cases not yet final (the Legislature deeming its former penalty too severe), unless there is a "saving clause" providing for prospective application. (*Id*. at pp. 742, 745, 748.)

In *Yearwood*, the Fifth Appellate District concluded section 1170.126 is the equivalent of a "saving[s] clause" that defeats the presumption of retroactivity in *Estrada* for persons like defendant whose appeals were pending when Proposition 36 became effective. (*Yearwood*, at pp. 172, 176.) Like in *Yearwood*, we conclude *Estrada* does not apply and defendant's only recourse is to petition for a recall of sentence in the trial court pursuant to section 1170.126; he is not entitled to a remand for resentencing under the amendments to sections 667 and 1170.12. (*Yearwood*, at pp. 171-172, 176.)

---

No. S211275; *People v. Lewis* (2013) 216 Cal.App.4th 468, review granted Aug. 14, 2013, No. S211494.)

[5] Although defendant was committed to the custody of the Department of Mental Health, his three strikes sentence is still relevant, as he may be committed to a mental hospital for no more than the maximum term of confinement for his offense (§ 1026.5, subd. (a)(1)), and defendant must serve the remainder of his sentence in prison if he establishes his sanity before the end of his term (§ 1026.2, subd. (m)).

7

DISPOSITION

The judgment is affirmed.


       HOCH    , J.


We concur:


     BUTZ     , Acting P. J.


     MURRAY  , J.