Filed 12/3/14  P. v. Hardy CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060456 |
| v. | (Super.Ct.No. RIF1103524) |
| TARIUS HARDY, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  J. Thompson Hanks, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, §6 of the Cal. Const.)  Affirmed.

Law Office of Allison H. Ting and Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Barry Carlton, and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Tarius Javar Hardy broke a window to get into his girlfriend's apartment and, after entering her home, refused to allow her to leave the apartment to get medical help for cuts she sustained from the broken glass. Defendant was convicted of false imprisonment, first degree burglary, dissuading a witness, and misdemeanor vandalism. Defendant filed his first appeal in *People v. Tarius Javar Hardy* (July 1, 2013, E055057 [nonpub. opn.]), in which we affirmed his conviction. However, we remanded the case to the trial court with directions for it to consider the new trial motion filed by defendant, which the trial court had refused to consider because he was represented by counsel. In addition, we directed, if the new trial motion was denied, that the sentence be modified.

Upon remand, the trial court first conducted a "quasi-*Marsden*"[1] hearing wherein it concluded defendant had not made a claim of ineffective assistance of counsel to support appointment of substitute counsel. It then considered and denied the new trial motion that had been filed by defendant.

On appeal, defendant claims the trial court failed to properly inquire into three new claims of ineffective assistance of counsel raised by him during the quasi-*Marsden* hearing and remand is once again necessary in order for the trial court to conduct a new *Marsden* hearing to determine if he should be appointed new counsel to pursue these claims. He also claims that the denial of his *Marsden* motion violated his due process rights and such violation warrants reversal of the judgment. We affirm.

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118, 124 (*Marsden*).

# I

## PROCEDURAL BACKGROUND

Defendant was found guilty by a Riverside County jury of false imprisonment (Pen. Code, § 236)[2] (count 1); first degree burglary (§ 459) (count 2); dissuading a victim (§ 136.1, subd. (c)(1)) (count 3); and a misdemeanor charge of vandalism (§ 594, subd. (b)(2)(A)) (count 4). Defendant admitted that he had suffered two prior convictions for which he had served a prior prison term (§ 667.5, subd. (b)), he committed one prior serious offense (§ 667, subd. (a)), and that he had committed one prior serious or violent offense (§§ 667, subds. (c)-(e)(1) & 1170.12, subd. (c)(1)). Defendant received a total state prison sentence of 26 years and 4 months.

In the prior appeal, we ordered that the sentences on counts 1 and 3 be stayed pursuant to section 654. We also ordered that the case be remanded in order for the trial court to consider defendant's motion for new trial, as will be explained in more detail, *post.* Upon remand, the trial court denied the motion for new trial. Defendant was resentenced. The trial court imposed the upper term of 12 years on count 2, plus 7 years on the prior convictions, for a total state prison term of 19 years. The trial court stayed the sentence on counts 1 and 3 pursuant to section 654.

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

## II

## FACTUAL BACKGROUND

The underlying facts are not relevant to the issues raised in the instant appeal. Briefly, on July 15, 2011, defendant and Andrea Haro had been fighting. At 2:00 a.m., defendant broke a window to gain access to her apartment and Haro was cut in the process. Defendant would not allow her to leave the apartment and took her cellular telephone so she could not call the police. Defendant eventually fell asleep and Haro was able to contact the police. Defendant had used violence against Haro on two prior occasions.

## III

## ANALYSIS

Defendant contends that he presented three new colorable claims of ineffective assistance of counsel that occurred during the trial upon remand that the trial court ignored: (1) defense counsel refused to allow him to testify; (2) defense counsel urged him to waive his right to a trial on the prior convictions so he would not anger the trial court; and (3) mistakenly advised him that his maximum exposure was 12 years rather than 18 years which made him reject a plea deal. The new claims merited further inquiry on the propriety of substituting counsel for the purpose of investigating grounds for a motion for new trial based on ineffective assistance of counsel. Defendant insists remand once again is warranted in order for the trial court to conduct a new *Marsden* hearing.

A.    *Additional Factual Background*

Despite being represented by counsel, after a jury convicted him of the above-referenced charges, defendant filed his own motion for new trial just after his trial.  In that motion, he raised the following claims:  (1) the trial court denied his 14th Amendment rights to due process by denying his pre-trial section 995 motion on the burglary charge; (2) whether his due process rights and right to a fair trial were violated because of defense counsel's unprofessional errors which included not requesting a continuance for witnesses, not requesting a mistrial and failing to request a jury instruction; and (3) whether the trial court committed instructional error.  Defense counsel asked the trial court to review the new trial motion.  The trial court refused to hear the motion for new trial since defendant was represented by counsel.

In the prior appeal, we remanded to the trial court for it to adequately inquire into the claims raised in the new trial motion filed by defendant, the relief requested by defendant in his appeal.  Our disposition provided as follows:  "(1) The court shall hold a hearing on defendant's motion for new trial; (2) if the court finds that defendant has made a proper showing of ineffective assistance of trial counsel, it can either grant the motion for new trial or appoint new counsel to represent defendant and entertain a motion for a new trial if newly appointed counsel files one; and (3) if newly appointed counsel makes no new trial motion, if no counsel is appointed and the trial court denies the motion for new trial, or the new trial motion filed by substitute counsel is denied, the court shall reinstate the judgment."  We did not order the trial court to first conduct a *Marsden* hearing.

Upon remand, the trial court noted that this court had remanded the matter to conduct a hearing on defendant's motion for new trial, including if he had shown ineffective assistance of counsel. The trial court noted, "[s]o I bet taking it in sequence, that's the next thing we have to discuss is whether or not there is a showing of ineffective assistance of counsel." The trial court stated it had defendant's new trial motion and began with the first claim of ineffective assistance of counsel, which was the failure to seek a continuance in order to secure witnesses for his defense.

Defense counsel interrupted and stated, "Your Honor, what I would like, because I do think that the motion for new trial where it discusses ineffective assistance of counsel, I do think is exactly a *Marsden* hearing. So I would like the district attorney to leave the courtroom, because I do think in discussing that, we would possibly be discussing things that [defendant] had issues with that could - - could breach the attorney-client privilege. And I think that she should be excluded from the courtroom." The prosecutor waited outside the courtroom.

Outside the presence of the prosecutor, the trial court first stated, "We are going to treat this, then, in the nature of the *Marsden* as to your being effective in assisting him." The trial court first asked about the failure to call witnesses. Defense counsel stated that the defense to the burglary was that defendant lived in the apartment. Defense counsel noted that a witness had seen defendant at the apartment that day but also had other information that she believed would hurt his case. Defendant stated that he believed that there were three witnesses who could testify he lived at the complex and that trial counsel had assured him she was going to call all three witnesses. He also wanted his mother and

6

sister to testify that he lived in the apartment. Defendant stated, "So by me not having any witnesses at all, including myself, I feel like I had no defense to protect myself." He further stated, "[I] feel like I would have had at least a chance to get a hung jury or something [if the witnesses were called], not a complete not guilty, on at least a couple of the charges. [¶] And it was just like: We rest. And I was stunned, and that's why I filed the motion."

The trial court then inquired about the claim in the new trial motion regarding a mistrial. Defense counsel knew of no grounds for a mistrial. Defendant was asked and he stated a mistrial was required because defense counsel never subpoenaed the witnesses and the witnesses were not cooperating. The trial court then addressed the failure to request an instruction on trespass. Defense counsel felt that the instruction issue was covered on the record and defendant made no other comments.

The trial court stated, "Since we are in this environment, which we are labeling a quasi *Marsden*, I am not aware of any other claims that the defendant made in his motion about you. Are you aware of any others?" Defense counsel responded, "I don't know, unless he is going to argue something."

Defendant then stated that defense counsel advised him to waive his rights on the prior convictions because trial judges did not like "strike" trials. He indicated he was advised he may receive less time if he pleaded to the convictions. Defendant admitted he knowingly waived his rights. The trial court discussed with defendant the problems with the jury hearing about his criminal background.

The following exchange then occurred:

7

"THE COURT:  Okay.  Now, since we are treating this in the nature of a *Marsden*, were you seeking to have [defense counsel] replaced with a different attorney?

THE DEFENDANT:  Yes, sir.  I was seeking to have a whole new trial, sir.

THE COURT:  Well, take it one step at a time.  You are seeking to have [defense counsel] replaced with another attorney; is that right?

THE DEFENDANT:  Yes, sir."

Thereafter, the trial court asked if there were any other claims as to defense counsel's representation of him.  Defendant then stated that he felt that defense counsel moved the process along too quickly.  She played on her telephone during trial and did not pay attention.  He claimed that she advised him that he was facing 12 years but then he found out the lowest amount of time was 18 years; he would have "taken the deal" if he had known the proper time.  The trial court interrupted and stated, "Well, we aren't here to discuss that.  We are here to discuss what happened between you and [defense counsel]."

Defense counsel stated she felt she had sufficient time to prepare for defendant's trial.  She had no problem communicating with defendant and he seemed to understand throughout the trial.  The trial court ruled, "[I] do recall your representation, and I think that you did very ably represent the defendant.  So at this point, in the nature of a *Marsden* motion, it will be denied.  And then I will ask for the DA to come back in in the nature of a showing of ineffective assistance of counsel."

In open court, the trial court advised the prosecutor that they had addressed concerns that defendant had with defense counsel and "treated it as a *Marsden* motion."

8

The trial court noted, "The *Marsden* motion was denied, and now we are back where - - the motion for the new trial. And we are still in the process of the motion for a new trial."

The parties then discussed the claims raised by defendant in the new trial motion. The trial court did not think that a section 995 motion was a basis to grant a new trial motion. The prosecutor stated as to ineffective assistance of counsel, that defense counsel was extremely skilled and experienced. The trial court then stated, "[Defendant], I am going to give you one more chance here to tell me why you think she - - we have discussed a number of things. Is there anything left that we haven't discussed that indicated to you that she was ineffective in your trial?" Defendant responded, "Just the witnesses, sir. That's it. I would love to have had the witnesses. That's it. That's the most important thing to me, the witnesses, at least try."

The trial court noted that defense counsel had already explained that one of the witnesses would have been detrimental to his case. Defendant then stated that it was more than one witness that defense counsel had advised him about that she did not call at trial. Defense counsel then recalled that there were two other potential witnesses that she had discussed with defendant. One of the witnesses had been "extremely unhelpful" and two other witnesses had refused to make statements and refused to come to court. They threatened to call the police several times. Further, any testimony by his sister or mother would have been unhelpful.

9

The trial court ruled, "At this point, the - - I don't believe a proper showing has been made of ineffective assistance of counsel. And I am going to deny the motion for a new trial."

B.      *New Trial Motion*

"'Where a reviewing court reverses a judgment with directions . . . the trial court is bound by the directions given and has no authority to retry any other issue or to make any other findings. Its authority is limited wholly and solely to following the directions of the reviewing court.' [Citations.]" (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1367.) "In an appeal following a limited remand, the scope of the issues before the court is determined by the remand order. [Citations.]" (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397.)

"'"The lower court cannot reopen the case on the facts, allow the filing of amended or supplemental pleadings, nor retry the case, and if it should do so, the judgment rendered thereon would be void."' [Citations.]" (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701; see also *Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982 ["Any material variance from the directions is unauthorized and void. [Citations.]"].)

Here, our remand order was very specific. This case presented a unique set of circumstances in that defendant had already filed a written motion for new trial and defense counsel had acquiesced in the filing of the motion. The trial court refused to hear the motion for new trial because defendant was represented by counsel. Our remand order made it clear that the trial court was to first consider the new trial motion filed by

10

defendant and determine whether he had made a proper showing of ineffective assistance of counsel based on the claims in the motion. The trial court needed to inquire of defendant the facts underlying the claims. Only after allowing defendant to explain his claims in his motion for new trial, could the trial court grant or deny the new trial motion filed by defendant. We further authorized the trial court to appoint new counsel if it felt it was necessary to further explore the claims of inadequate representation but only after an appropriate showing of ineffective assistance of counsel was shown by defendant.

Rather than proceed in this manner, the trial court was advised by defense counsel that a *Marsden* hearing had to be conducted. This hearing was unnecessary.[3] Citing to *People v. Braxton* (2004) 34 Cal.4th 798, 819, we provided to the trial court in our opinion that an appropriate remedy for the failure to consider a defendant's motion for new trial was remand for a hearing on the motion. (*Id.* a pp. 819-820.) In *Braxton*, the court found, "[W]hen, as here, a trial court has refused to hear a defendant's new trial motion, and the appellate record is insufficient to permit a reviewing court to determine as a matter of law whether the proposed motion was meritorious, the reviewing court may remand the matter to the trial court for a belated hearing of the new trial motion, . . ." (*Id.* at p. 819.) In remanding the case, we did not order that a *Marsden* hearing be conducted; we ordered a hearing on defendant's new trial motion. Accordingly, the holding of a *Marsden* hearing was unauthorized. (*Butler v. Superior Court, supra,* 104 Cal.App.4th at p. 982.)

---

[3] We note that defendant did not make a new request for a *Marsden* hearing upon remand. Although he later agreed with the trial court that he was seeking substitute counsel, he admitted his main purpose was to gain a new trial.

11

Defendant contends here that the trial court erred by failing to inquire into additional claims of incompetent representation raised by defendant during the *Marsden* hearing and remand is required to further explore those issues as grounds to substitute counsel to file a new trial motion. As we have noted, the remand was specific that the trial court was to consider the new trial motion filed by defendant; we did not authorize amendment to the motion to raise additional claims. If such practice were to be allowed, no judgment would be final as a defendant could raise new issues upon remand of a case and this would violate the above principles regarding remand of cases. Moreover, it was clear defendant was aware of these claims when he filed his written motion for new trial but failed to include them in the motion. The trial court had no duty to inquire into new issues raised during a *Marsden* hearing or in considering the new trial motion that was not ordered upon remand of the case.

Defendant relies upon *People v. Reed* (2010) 183 Cal.App.4th 1137, 1146 in support of his claim that the trial court was required to conduct a *Marsden* hearing to determine all of defendant's reasons for ineffective representation upon remand, not just those set forth in his written new trial motion. Here, defendant filed a new trial motion setting forth three specific reasons for claiming he was denied ineffective representation. In *Reed*, the defendant only requested to file a motion for new trial based on a general claim of incompetence; no specific instances were provided. Remand for a full *Marsden* hearing was ordered by the appellate court. (*People v. Reed, supra,* 183 Cal.App.4th at pp. 1141-1143.)

12

In this case, when defendant tried to file his new trial motion right after he was convicted, the trial court refused to hear the motion because defendant was represented by counsel. On appeal, we remanded the case in order for the trial court to hear the new trial motion that defendant had filed. "[O]nce the court knows the facts underlying defendant's claim, it can intelligently determine whether it can fairly rule on the new trial motion, or whether it should appoint new counsel to more fully develop the claim of inadequate representation." (*People v. Gay* (1990) 221 Cal.App.3d 1065, 1068-1069.) Upon remand, the trial court appropriately inquired into the issues that defendant had raised in the new trial motion and denied the motion after a full hearing. This was the appropriate procedure upon remand. We cannot find error in the trial court refusing to consider new claims upon remand that were raised during a *Marsden* hearing that the trial court was not required to conduct.[4]

We also note that even if we could consider that upon remand, a *Marsden* hearing was appropriate so that defendant could raise these new claims, we would conclude remand for another *Marsden* hearing is not an appropriate remedy. Ineffective assistance of counsel is not a statutory ground for granting a new trial, but "in appropriate circumstances justice will be expedited by avoiding appellate review, or habeas corpus proceedings, in favor of presenting the issue of counsel's effectiveness to the trial court

---

[4]     Defendant has briefly argued that his due process rights were violated by the failure to substitute counsel to raise his new claims. However, as noted, no *Marsden* hearing was required because the trial court was ordered to consider defendant's new trial motion upon remand. Further, as will be discussed *post*, defendant has an adequate remedy in that he can file a petition for writ of habeas corpus raising these claims.

as the basis of a motion for new trial.  If the court is able to determine the effectiveness issue on such motion, it should do so."  (*People v. Fosselman* (1983) 33 Cal.3d 572, 582-583.)  The new claims raised by defendant (which are all out-of-court ineffective assistance of counsel claims) would certainly not be expedited by this court once again remanding this case to the trial court and ordering the trial court to conduct a *Marsden* hearing.  If counsel was appointed, additional time would certainly be needed to file a new motion and seek a ruling on the motion.

In *People v. Cornwell* (2005) 37 Cal.4th 50, disapproved of on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, the court concluded that the trial court did not error by refusing to consider ineffective assistance of counsel claims raised in a new trial motion as the claims were not apparent from the record or courtroom observation.  The Supreme Court stated, "It is evident in the present case that, after lengthy deliberation, the trial court concluded justice would *not* be expedited by entertaining defendant's [ineffective assistance of counsel] claim in a motion for new trial.  The basis for this conclusion is readily apparent; the matter would have been delayed for at least six months while substitute counsel examined trial counsel's case records and performed additional investigation concerning witnesses who did not appear at trial and evidence that was not in the record, in order to decide whether to make a motion for new trial.  This was *not* a case in which a motion readily could be resolved because of the circumstance that the trial judge was 'particularly well suited to observe courtroom performance and to rule on the adequacy of counsel. . . .'  [Citation.]  Rather, in the present case the claim of ineffective assistance of counsel at the guilt phase of trial rested primarily upon matters

14

other than what the trial court could have observed during trial, and the court acted within its discretion in concluding the claim should be litigated in a habeas corpus proceeding." (*Id.* at p. 101.) Defendant here can file a habeas petition raising these claims. (See *People v. Carrasco* (2014) 59 Cal.4th 924, 980-981 [claims that could have been raised on appeal but were not does not bar an ineffective assistance of counsel claim on habeas corpus].) This remedy is more appropriate than remand.

Although defendant has not claimed that the trial court improperly ruled on his written motion for new trial, we briefly address the ruling. We review an order denying a motion for new trial for abuse of discretion. (See *People v. Turner* (1994) 8 Cal.4th 137, 212 ["""The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears."""].) Because the new trial motion was partially based on ineffective assistance of counsel, the applicable standard is whether defendant "demonstrate[d] (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result. [Citations.]" (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541.)

The trial court did not abuse its discretion by denying defendant's motion for a new trial. Defense counsel adequately explained the reasons for not calling witnesses, for not seeking a mistrial, and discussed the instructional issue. All the decisions were

15

reasonable tactical decisions that should not be second guessed by the trial court or this court.

Based on the foregoing, the trial court properly denied defendant's motion for new trial.

IV

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
Acting P. J.

We concur:

KING
J.

MILLER
J.

16